SCHOTT, Chief Judge,
dissenting.
The question is whether FNBC is within the class of persons R.S. 9:4833(F) is intended to protect. FNBC seems to concede that when it took its mortgage it was subordinate to de la Tour’s lien and it remained subordinate for the one year period after the date de la Tour filed its lien. I do not agree that FNBC is a third person as to whom de la Tour’s privilege ceased to exist by its failure to file a notice of lis pendens.
R.S. 9:2722 provides that a third person is one who deals with or acquires a right in property as a mortgagee and confers on such a third person the protection of the public registry laws. The clear intent is to protect one who takes a mortgage on property from any and all unrecorded liens, mortgages, claims or alienations of interest in the property. It enables one who takes a mortgage to rely exclusively on the public records.
FNBC is not in this class. It did not take its mortgage in reliance on the public records. It took its mortgage subject to de la Tour’s lien and should remain in that position notwithstanding de la Tour’s subsequent failure to avail itself of the protection of the public records law.